JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>          Plaintiff,<br>     v.<br>MARIA ELENA HERRERA and DOES 1–10, Inclusive,<br><br>          Defendants. | Case No. 2:13-cv-02454-ODW (FFMx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court has received Defendant Maria Elena Herrera's Notice of Removal. Having carefully considered the papers filed in conjunction with Herrera's Notice, the Court determines that it lacks subject-matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court based on federal-question or diversity jurisdiction. 28 U.S.C. § 1441(a). But a "strong presumption" exists against removal; as a result, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.

2009) (alterations omitted) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction, 28 U.S.C. § 1447(c), and the Court must resolve "all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Herrera principally asserts that this court has "original jurisdiction" over this action under the National Housing Act of 1934, the Fourteenth Amendment of the United States Constitution, an unspecified securities-fraud statute, 26 U.S.C. § 857, and 28 U.S.C. §§ 1331, 1441, 1446. In spite of Herrera's contentions, this unlawful-detainer action simply does not present a federal question.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is

purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Additionally, the Complaint does not allege any other federal question, and the litany of federal defenses Herrera raises is irrelevant with regard to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43. The Court therefore does not have federal-question jurisdiction over this case under § 1331.

Herrera also argues that this case involves "a controversy [in] excess of $75,000." (Notice of Removal 10.) While Herrera anchors this proposition in 28 U.S.C. § 1331, the Court presumes Herrera intended to allude to 28 U.S.C. § 1332's amount-in-controversy requirement for diversity jurisdiction. But diversity jurisdiction does not exist in this matter either.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject-matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession. *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the Complaint, *not* by the value of the subject property. *Id.*

*///*

Herrera insists the requisite amount in controversy has been met because Federal National Mortgage Association's (FNMA) unlawful-detainer action concerns a property subject to a debt in "an amount that exceeds $241,500.00 Lawful Currency of The United States."  (Notice of Removal 10.)  But this action concerns FNMA's right to lawful *possession* of the property in question, not the *title* to it.  *Evans*, 67 Cal. App. 3d at 170.  FNMA's Complaint seeks only its costs, and there is no indication that FNMA's costs could possibly exceed $75,000 at this juncture.  Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

Finally, the Court notes that this is Herrera's *third* failed attempt at removal. (Notice of Removal at 2 ("[T]his is the third Notice of Removal Defendants in good faith pray for.")); *see also Fed. Nat'l Mortg. Ass'n v. Herrera*, No. 2:12-cv-08054-MMM(MANx) (C.D. Cal. filed Sept. 18, 2012); *Fed. Nat'l Mortg. Ass'n v. Herrera*, No. 2:13-cv-01480-PSG(MANx) (C.D. Cal. filed Mar. 1, 2013).  In each of her prior attempts, the remanding courts explicitly informed Herrera in great detail that FNMA's unlawful-detainer action did not present a federal question and that diversity of citizenship—while not expressly advanced as a theory of jurisdiction—was similarly lacking.  *Herrera*, No. 2:12-cv-08054-MMM(MANx), ECF No. 12 (C.D. Cal. Nov. 8, 2012); *Herrera*, No. 2:13-cv-01480-PSG(MANx), ECF No. 5 (C.D. Cal. Mar. 28, 2013).  Nevertheless, Herrera's Notice of Removal before this Court is nearly identical to the notices of removal she filed in her previous two attempts; it neither advances new jurisdictional theories nor pleads new facts that establish federal jurisdiction.  This practice reflects, at best, an intransigent failure to consider the content of the prior remand orders and must stop.  Herrera is therefore warned that should she attempt to remove this inherently unremovable matter again, this Court *will* sanction her $1,000 for violation of Federal Rule of Civil Procedure 11(b).

/ / /

/ / /

For the reasons discussed above, the Court **REMANDS** this case to the Los Angeles County Superior Court, Case No. 12U11371. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

April 10, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

CC:

Honorable Philip S. Gutierrez

Honorable Margaret M. Morrow

```
cc: order, docket, remand letter to
Los Angeles Superior Court, No. 12 U 11371
```